836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul GENOVESE, Defendant-Appellant.
 No. 87-5088.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1987.
Decided Jan. 8, 1988.
 
 Allen J. Gordon, Edward A. Fiorella, Jr. on brief, for appellant.
 Constance H. Frogale, Assistant United States Attorney (Henry E. Hudson, United States Attorney, Allan Mascarenhas, Third-Year Law Student on brief) for appellee.
 Before WIDENER, K.K. HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Paul Genovese appeals from the resolution of his probation for failure to make restitution. We affirm.
 
 I.
 
 2
 In February 1984 Genovese pled guilty to conspiracy to defraud the United States Government by submitting false loan applications to the Department of Housing and Urban Development. 18 U.S.C.A. Sec. 371 (West 1966); 18 U.S.C.A. Sec. 1012 (West 1976). He was sentenced to a term of three years, suspended on service of 60 days and five years probation. As a special condition of probation, Genovese was required to make restitution in the amount of $119,537.27. This amount was to be paid in semiannual installments of $11,958.00 on December 1 and June 1 of each year through June 1989.
 
 
 3
 The first payment, due December 1, 1984, was not made until March 1985. Payments due June 1 and December 1, 1985 were more than one month late, and no voluntary payments were made after January 1986. A petition for probation revocation was filed in May 1987 for failure to make restitution. At the probation hearing Genovese asserted that he was unable to make payments. The court revoked the probation in full, finding that Genovese had not made good faith efforts to pay the restitution.
 
 II.
 
 4
 In revocation proceedings for failure to pay restitution, the court must examine the reasons for failure to pay. Bearden v. Georgia, 461 U.S. 660, 672 (1983). The court may revoke probation and order imprisonment if the probationer willfully refused to pay or failed to make a good faith effort to do so. Id. However, if the probationer was unable to pay despite a good faith effort, the court must consider other methods of punishment. Id. Genovese asserts that he made good faith efforts to pay, but that a civil judgment obtained by the government impaired his ability to meet the restitution schedule.
 
 
 5
 In January 1986, the government obtained a $326,448.10 judgment against Genovese's business and a garnishment order was entered in September 1986. However, the civil judgment clearly was not the sole cause of Genovese's payment problems since the untimely payments occurred prior to the judgment. Even after the entry of judgment, he made four loan payments of $1,153.13 each to his brother, yet failed to make even token restitution payments.
 
 
 6
 Further, Genovese made no attempts to secure employment. He also attempted to deny ownership of a $145,000.00 home, despite previously having agreed to the accuracy of the presentence report which listed it as an asset. Clearly, there was sufficient evidence to support the finding that he had not made a good faith effort to pay restitution.
 
 
 7
 Genovese also asserts that the court erred in not considering alternatives to imprisonment. Having found that he failed to make sufficient bona fide efforts to pay, the court was not required to consider alternative measures of punishment.
 
 
 8
 AFFIRMED.